United States v. Passmore.

*Hare* and *Dallas* argued for the plaintiff, and cited 5 vol. Acts Cong. p. 68, § 34 ; 5 Geo. II., c. 30, § 7, § 28 ; 5 vol. Acts Cong. p. 15, 74, § 1, § 42 ; 1 Atk. 73; 2 Wils. 135 ; Cull. 99; Evans 220; Co. B. L. 19; 1 Atk. 119; 4 Dall. Laws, 102–3 ; 3 T. R. 80 , 7 Ibid. 429 ; 2 Dall. 396 ; 2 Fonbl. 150 ; Anstr 427.

*Rawle* argued for the defendants, and cited 4 T. R. 714 ; 6 Ibid. 57 ; 2 Str. 1234 ; 3 T. R. 80 , Co. 96 ; 5 vol. Acts Cong. p. 74, § 42. [*371

---

### *APRIL TERM, 1804.  [*372

Present—WASHINGTON, Justice, and PETERS, District Judge.

---

### UNITED STATES *v.* THOMAS PASSMORE.[1]

*Perjury.—Repeal of statute.*

Perjury, under the bankrupt law of 1800, was not indictable, under the act of 30th April 1790, § 18; that section only applies to perjuries committed in judicial proceedings.

An indictment cannot be sustained, under a statute which has been repealed, without any saving clause.[2]

THE defendant, who had become bankrupt, was prosecuted by indictment, containing two counts, for perjury, in swearing before the commissioners, on the 20th day of September 1803, that he " could not tell exactly the time, but believed it was the latter (end) of 1799, that he first owned

---

[1] s. c. 1 W. C. C. 84.

[2] United States *v.* Finlay, 1 Abb. U. S. 364 ; s. c. 3 Pitts. 126 ; Ex parte Landsberg, 11 Int. R. Rec. 150 ; United States *v.* Bennett, 12 Bl. C. C. 345. And the repeal of a penal statute puts an end to a pending indictment under it ; United States *v.* Tynen, 11 Wall. 88 ; Commonwealth *v.* Duane, 1 Binn. 601 ; Genkinger *v.* Commonwealth, 32 Penn. St. 99 ; Hartung *v.* People, 22 N. Y. 95.

United States v. Passmore.

the brig Abigail. He ceased to own her, he rather thought, in the year 1800," when, in truth and in fact, he never did own her, but had covered the property for an alien under his name. He had before sworn at the custom-house (on the 31st of July 1799), that he "was the true and only owner of the brig Abigail; that there was no subject nor citizen of any foreign prince or state, directly or indirectly, by way of trust, confidence or otherwise, interested therein, or in the profits or issues thereof:" but no information, tending to falsify this oath, was received, until a prosecution was barred by the act of limitation. 1 U. S. Stat. 119, § 32.(a)   On the 19th of December 1803 (2 Ibid. 248), an act of congress was passed, enacting, " that the act of congress, passed on the 4th day of April 1800, entitled ' an act to establish an uniform system of bankruptcy, throughout the United States,' shall be and the same is hereby repealed : provided, nevertheless, that the

*373]  repeal of the said act shall in nowise affect the *execution of any commission of bankruptcy, which may have been issued prior to the passing of this act, but every such commission shall be proceeded on and fully executed, as though this act had not passed."

The facts being laid before the jury, *Rawle* and *Dickerson,* made a defence, principally, upon two grounds :  1st. That the defendant was not guilty upon the merits.   2d. That the oath, charged to be false, was taken before the repeal of the bankrupt law ; and in consequence of the repeal, could not be the subject of a prosecution, either under the bankrupt law, under the general penal law, or at common law.(b)   On the first ground, they cited 4 Bl. Com. 136 ; 1 Ibid. 60 ; 1 Hawk. 331 ; 2 Ibid. 84; Cro. Car. 852; Cro. Eliz. 148; 1 Salk. 374; Bank. Law, § 18; 2 Esp. 281; 1 McNall. L. of Ev. 3; 1 Ld. Raym. 396; 1 Hale 706; 2 Salk. 513; 10 Mod. 335; Cro. Jac. 644; 3 Mod. 78; 2 Ld. Raym. 991; 1 Burr. 543; 4 Ibid. 2026; Cowp. 297; Leach C. L. 252, 268; Bank. Law, § 15, 21, 51; 4 vol. Acts Cong. 427, § 88; 3 vol. 337; 2 vol. 30; 2 vol. 21; 4 vol. 102, § 2; 2 vol. 157, 193.   And on the second ground, they cited 1 W. Black. 451; 1 Hale 291, 525; 1 Hawk. 306; 4 vol. Acts Cong. 523, 202.

*Dallas* (the district-attorney) submitted to the court three propositions : 1st. That, notwithstanding the repealing act, the perjury charged was indictable, according to the first count of the indictment, under the bankrupt law, as an incident to the execution of the commission.   5 vol. 61, § 21; 6 Bac. Abr. 384, 390; 2 Leach 810; Co. B. L. 7; 5 Geo. II., c. 30, § 44; 6 vol. 95, § 14; 5 vol. 238; 6 vol. 93; 1 vol. 113, § 32; 2 Hawk. 87, c. 69, § 4; 6 vol. 80, § 5; 3 vol. 163; 6 vol. 58, § 1; 1 vol. 337, § 46; 3 vol. 97; 3 vol.

---

(a) In consequence of this, and other similar cases, occurring at the custom-house, the time allowed for prosecuting offences under the revenue laws, was enlarged. (1 U. S. Stat. 290.)

(b) Before the jury was sworn, *Rawle* said, that although he did not mean to move to quash the indictment, he should propose, under the sanction of the court, that the question of law arising upon the repealing act, should be discussed, as soon as the jury were sworn, and before any evidence was produced.   The attorney of the district objected to the novelty of such a proceeding.   And by THE COURT.—The trial must proceed, in the usual course : the evidence and law must both be laid before the jury, who will then give a verdict, under the charge of the court.   If the verdict should be against the defendant, his counsel may move the point of law, in arrest of judgment.

. Willing v. United States.

334; 5 vol. 126; 4 vol. 456; 3 vol. 88; 1 vol. 236; 4 vol. 446, § 112; Ibid. 427; 1 Hawk. 306; Bro. Abr. 203; 1 Hale 291, 525; 2 Ibid. 190. 2d. That the perjury charged was indictable, according to the second count of the indictment, independent of the bankrupt law, upon the general penal act (1 vol. 108), inasmuch as the provisions of the bankrupt law, do not create the offence ; are affirmative and not repugnant : and, with respect to the punishment, are cumulative. Cowp. 297; 2 Hale 705; 4 Burr. 2026; 23 Geo. II., c. 13; *Leach 253; 1 Hawk. 306, B. 1, c. 40, § 5; Leach, 715; 2 Hale [*374 191–2. And 3d. That according to the opinions of some of the judges of the supreme court,(a) the perjury charged, was indictable at common law ; and in that case, the conclusion of the indictment, " against the form of the statute," was to be regarded as surplusage. 2 Hawk. 83; *United States* v. *Ravara*, 2 Dall. 297; *Williams' case*, 2 Cranch 82, in note ; *United States* v. *Worrell*, 2 Dall. 384.

WASHINGTON, Justice, delivered the charge of the court at large, upon the points of law ; but cautiously abstained from giving any opinion upon the facts. He considered the repealing act as an absolute bar to the prosecution; and told the jury, expressly, that the defendant was, on that ground alone, independent of any question upon the merits, entitled to an acquittal.

On this charge, the jury immediately found a verdict of not guilty.